IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____ |
| | ) |
| AMERISURE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MOTION TO MAINTAIN SEAL

Plaintiff Allstate Insurance Company ("Allstate") moves this Court to maintain Allstate's previously filed Motion Under the Federal Arbitration Act to Confirm Sections of Arbitration Award and the accompanying exhibits (collectively, the "Motion to Confirm") as restricted pursuant to Local Rules 5.7 and 26.2. In support of this motion, Allstate states:

1. This case is a proceeding under the Federal Arbitration Act to confirm an arbitration award. During the course of that Arbitration, Allstate, Amerisure Mutual Insurance Company ("Amerisure"), and the three arbitrators all executed a Confidentiality Agreement which provided, in part, that "documents created for the arbitration, . . . final award and any interim decisions . . . and information exchanged in connection with the proceedings . . . will be kept confidential." *See* Ex. A hereto at ¶ 3. The Confidentiality Agreement also provided, "subject to court approval, that all submissions of Arbitration Information to a court shall be sealed and/or redacted." *Id.*

2. On June 27, 2019, Allstate initiated this action by filing the Motion to Confirm.

3. Pursuant to the Confidentiality Agreement, Allstate's Motion to Confirm was filed under seal in accordance with Local Rule 5.7. Local Rule 5.7 provides that cases under seal will be "treated as restricted documents as defined by LR 26.2 for seven days following the day on which the complaint was filed" and that unless otherwise ordered, "on the seventh day, the file will no longer be treated as restricted."

4. The Motion to Confirm includes certain information that the Confidentiality Agreement deems confidential, including but not limited to:

    a. a description of the positions the parties took during the arbitration. *See, e.g.,* Motion to Confirm at ¶ 14.

    b. a description and copy of the arbitration panel's Interim Final Award. *See, e.g.,* Motion to Confirm at ¶¶ 16-19.

Additionally, the Confidentiality Agreement itself, attached hereto as Exhibit A, could arguably be deemed confidential. Accordingly, Allstate requests that the automatic seal remain in place to protect the information from public disclosure.

5. Allstate is aware of Seventh Circuit decisions stating that arbitration awards lose their confidential status upon the filing of a motion in federal court based on that award. *E.g.*, *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2009) ("dispositive documents in any litigation enter the public record notwithstanding any earlier agreement; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("once a party seeks judicial review of an arbitration award" the confidentiality of that award is "lost absent compelling justification"). Pursuant to the Confidentiality Agreement, however, Allstate believes that it has a good faith obligation to request that the automatic seal remain in effect.

WHEREFORE, Allstate Insurance Company respectfully requests that this Court order that Allstate's Motion to Confirm (including all Exhibits thereto) and Exhibit A hereto remain under seal.

Dated: June 27, 2019

Respectfully submitted,

/s/ Mark G. Sheridan
One of the Attorneys for
Allstate Insurance Company

Robert J. Bates, Jr.
Mark G. Sheridan
BatesCarey LLP
191 N. Wacker Dr., Suite 2400
Chicago, IL 60606
312/762-3100

2233382_1.doc