UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 4341 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| AMERISURE MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff Allstate Insurance Company's motion to maintain seal[1] [9]. For the following reasons, the motion is entered and continued to 7/18/19 at 9:30 a.m. Plaintiff's motion to confirm [1] as well as Exhibit A to plaintiff's motion to seal [5] shall remain under seal until further order of the Court. Motion hearing date of 7/3/19 is stricken.

**STATEMENT**

Plaintiff initiated this action by filing, under seal, a motion under the Federal Arbitration Act to Confirm Sections of Arbitration Award [1]. Plaintiff now asks this Court to keep its entire motion to confirm under seal, asserting that the motion to confirm "includes certain information that the Confidentiality Agreement deems confidential, including but not limited to: (a) a description of the positions the parties took during the arbitration; (b) a description and copy of the arbitration panel's Interim Final Award; and (c) the Confidentiality Agreement itself." (Dkt. 9, ¶ 4.)

Litigation in federal court is presumptively public, and people who "call on the courts . . . must accept the openness that goes with subsidized dispute resolution." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). As the Seventh Circuit has explained (and as plaintiff acknowledges), "'once a party seeks judicial review of an arbitration award,' the confidentiality of that award is 'lost absent compelling justification.'" *Zimmer, Inc. v. Scott*, No. 10 C 3170, 2010 WL 3004237, at *2 (N.D. Ill. July 28, 2010) (citing *Union Oil Co.*, 220 F.3d at 568). "Only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

Plaintiff has not argued that any of these exceptions apply. Instead, plaintiff says, in conclusory fashion, that "it believes that it has a good faith obligation to request that the automatic

---

[1] Plaintiff does not indicate whether the motion is agreed or opposed.

seal remain in effect." (Dkt. 9, ¶ 5.) Unfortunately for plaintiff, its own privacy interests do not outweigh the public's interest and the need for transparency in the judicial process. Plaintiff is given until 7/15/19 to provide a more thorough explanation as to why it believes its entire motion to confirm should be filed under seal. Plaintiff should also indicate whether defendant agrees to or opposes the motion.

Date: 7/2/2019

_____
Jorge L. Alonso
United States District Judge